[2] In order to have brought appellant within the rule of diligence as announced by this court in quite a number of cases, it would have been necessary to have resorted to some means at the hands of the judge to compel the stenographer to make out a statement of facts, and a failure in securing the order and getting a statement of facts would have presented the case from a different viewpoint. This and kindred questions have been discussed several times by this court, and under all these decisions this showing is not sufficient. See Peddy v. State, 63 Tex. Cr. R. 483, 140 S. W. 229; Roberts v. State, 70 Tex. Cr. R. 588, 157 S. W. 1193; Chavario v. State, 72 Tex. Cr. R. 240, 161 S. W. 972; Archer v. State, 74 Tex. Cr. R. 524, 168 S. W. 857; also Roberts v. State, 62 Tex. Cr. R. 7, 136 S. W. 483.

We are therefore of opinion that the suggestion of appellant to reverse the judgment because of the want of a statement of facts does not bring it within the law, and must be overruled. This being the condition of the record, there are no matters presented which require a consideration without the statement of facts.

The judgment will therefore be affirmed.

---

JACKSON v. STATE.   (No. 5155.)

(Court of Criminal Appeals of Texas.   Oct. 30, 1918.)

1. CRIMINAL LAW ⚮1066—APPEAL—EXCEPTIONS—NEW TRIAL.

Grounds of motion for new trial, not verified by exceptions, cannot be considered.

2. CRIMINAL LAW ⚮1064½—APPEAL—CERTIFICATION OF GROUNDS.

Grounds for new trial that appellant had been influenced to plead guilty under threats of other prosecutions cannot be considered in the absence of verification.

Appeal from District Court, Rockwall County; Joel R. Bond, Judge.

Walter Jackson was convicted for burglary, and he appeals. Affirmed.

See, also, 206 S. W. 192.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.   This conviction was for burglary, the punishment being assessed at three years' confinement in the penitentiary.

[1, 2] The record is without a statement of facts or bills of exception. There was a plea of guilty, and the judgment shows a proper warning. To this there seems to have been no objection; at least, if so, it is not brought up in the record. The grounds of the motion for new trial are simply stated as grounds, and are not verified by exceptions, and pertain mainly to the insufficiency of the evidence and the admission of testimony which appellant alleges to have been erroneous. It also alleges appellant had been advised and influenced to plead guilty by a deputy sheriff who had threatened, if he did not do so, they would prosecute him in quite a number of cases. These are not verified, and therefore cannot be considered.

The judgment is affirmed.

---

JACKSON v. STATE.   (No. 5156.)

(Court of Criminal Appeals of Texas.   Oct. 30, 1918.)

Appeal from District Court, Rockwall County; Joel R. Bond, Judge.

Walter Jackson was convicted of burglary, and he appeals. Affirmed.

See, also, 206 S. W. 192.

E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J.   Appellant appealed from a conviction of burglary. There is neither a bill of exceptions nor statement of facts. In the absence of these, nothing is raised which can be considered.

The judgment is affirmed.

---

PEREZ v. STATE.   (No. 5147.)

(Court of Criminal Appeals of Texas.   Oct. 30, 1918.)

1. CRIMINAL LAW ⚮1170(4)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Accused could not complain of the exclusion of testimony of his own witness, where later such witness was fully examined with reference to the same facts.

2. CRIMINAL LAW ⚮1092(11) — BILL OF EXCEPTIONS.

The assignments of error in a criminal prosecution should be brought up by bills of exception, verified by the trial court or proved up by bystanders, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2058, and Vernon's Ann. Code Cr. Proc. 1916, art. 744.

Appeal from District Court, Brooks County; V. W. Taylor, Judge.

Pedro Perez was convicted of unlawfully keeping, etc., a gaming table, and appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J.   The indictment charged violation of article 551, Vernon's P. C., making the specific allegation that appellant "did then and there unlawfully keep and exhibit, for the purpose of gaming, a gaming table and bank." The conviction was for a felony. The evidence shows that appellant was dealing a game called "monte," and the prosecuting witness played at the game, while appellant was dealing, and lost money in betting. The decisions construing the statute will be found in Vernon's Crim. Stats. vol. 1, pp. 281, 282. See Morris v. State, 57 Tex. Cr. R. 164, 121 S. W. 1112.

[1] There is but one bill of exception, which apparently relates to the refusal of the court to permit appellant to address a question to his own witness as follows:

---

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes